**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jwilner@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN SKAGGS, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>     v.<br><br>X.AI, LLC,<br><br>                                        Defendant. | Case No. 5:26-cv-04550-BLF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT X.AI LLC'S MOTION TO CHANGE TIME**<br><br>Judge:  Hon. Beth Labson Freeman<br>Complaint Filed:  May 14, 2026 |

## I.  INTRODUCTION

For the second time in this case, Defendant X.AI LLC ("xAI") asks the Court to excuse it from responding to the Complaint until an unfixed future date—"thirty days after" the Court rules on xAI's pending motion to transfer (ECF No. 17).  The Court already rejected a materially identical request on June 2, 2026, declining to grant an "indefinite extension keyed to a motion Defendant ha[d] not yet filed."  ECF No. 14 at 1.  The motion is now on file, but the relief xAI seeks remains the same in substance: an open-ended extension untethered from any date certain.  It should be denied again.

xAI's only stated justification is "efficiency."  But the relief it requests would produce the opposite.  xAI concedes that it intends to move to dismiss the Complaint regardless of where this case proceeds.  See Mot. at 1, 4–5 (ECF No. 18); ECF No. 16 at 1.  It will therefore have to brief that motion to dismiss whether this case remains here or is transferred to the Northern District of Texas.  Litigating the transfer and dismissal motions one at a time—rather than together, as the Federal Rules of Civil Procedure contemplate—saves xAI nothing.  It simply delays resolution of this privacy class action.  And it asks Plaintiff to surrender a briefing schedule the parties already negotiated and the Court already entered, ECF No. 16, on the shared premise that xAI would bring its threshold challenges together.  The motion should be denied.

## II.  RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed this putative class action on May 14, 2026, alleging that xAI unlawfully intercepted and disclosed the contents of users' Grok conversations—including sensitive queries about their finances, health, and legal affairs—to Google, Meta, and TikTok, in violation of the federal Wiretap Act, the California Invasion of Privacy Act, and the California Constitution and common law.  ECF No. 1.  xAI was served on May 19, 2026.  ECF No. 10.

On June 2, 2026, the Court denied without prejudice xAI's first motion to change time, which sought to extend xAI's response deadline until the Court ruled on a transfer motion that xAI had not yet filed.  The Court explained that it was "unwilling to grant the requested indefinite extension keyed to a motion Defendant has not yet filed."  ECF No. 14 at 1.

Two days later, on June 4, 2026, the Court so-ordered the parties' stipulation, which extended xAI's deadline to answer or otherwise respond to the Complaint to July 9, 2026, set August 9, 2026 as Plaintiff's deadline to oppose a motion to dismiss, and set August 30, 2026 as xAI's deadline to file any reply.  ECF No. 16.  Plaintiff agreed to that schedule on the understanding—consistent with the Federal Rules—that xAI would present its threshold transfer and dismissal challenges together.

On June 10, 2026, xAI filed its transfer motion and unilaterally noticed it for hearing on July 30, 2026.  Mot. at 3.  The next day, June 11, xAI filed the instant motion, seeking to push its response deadline yet again—this time to "thirty days after" the Court rules on the transfer motion.  Mot. at 1.

## III.    ARGUMENT

As the party seeking to change the time set by the Court's own order, xAI bears the burden of establishing good cause for the requested enlargement.  See Civ. L.R. 6-3.  It has not done so.  xAI's motion rests on a single premise—that deferring the motion to dismiss until after the transfer ruling would conserve resources—and that premise is wrong.

### A.    Staggering xAI's Transfer and Dismissal Motions Would Be Inefficient, Not Efficient.

**xAI must brief its motion to dismiss regardless of forum.**  xAI does not contend that transfer would eliminate its motion to dismiss; it states only that transfer "would obviate the need for xAI to prepare and file a motion to dismiss *in this Court*."  Mot. at 4 (emphasis added).  xAI concedes it "will be required to respond to the Complaint regardless of whether this case proceeds in the Northern District of Texas or in this Court."  Mot. at 4.  The work xAI seeks to defer is thus work it will have to do no matter what.  Postponing it does not avoid it.

**The Federal Rules contemplate that a defendant raise its threshold challenges together, not serially.**  Rule 12 disfavors precisely the piecemeal, one-motion-at-a-time approach xAI proposes.  Rule 12(g)(2) generally bars a party from making successive pre-answer motions raising defenses or objections that were available but omitted from an earlier motion, and Rule 12(h) deems certain defenses waived if not consolidated in that single motion.  See Fed. R. Civ. P.

12(g)(2), 12(h).  The Rules thus embody a clear policy: a defendant should put its threshold objections before the court at once.  There is no reason xAI cannot file its transfer motion and its motion to dismiss together—as it agreed to do under the schedule the Court entered—and every reason it should.  Allowing xAI to litigate these matters one at a time invites exactly the serial motion practice the Rules are designed to prevent.

**Transfer would not render the dismissal briefing superfluous.**  xAI's efficiency argument assumes that any motion-to-dismiss briefing completed before a transfer ruling would be wasted.  Not so.  A transfer under 28 U.S.C. § 1404(a) moves the case in its existing posture; the transferee court takes the case as it finds it and may decide any motion that is pending and fully briefed at the time of transfer.  If the Court grants xAI's transfer motion, the Northern District of Texas can simply rule on the fully briefed motion to dismiss—the parties' and the Court's work would carry over, not evaporate.  Even accepting xAI's own premise that transfer is likely, then, the dismissal briefing is not "needless"; it is work that will inform the disposition of this case wherever it is heard.  The only thing xAI's requested extension actually accomplishes is delay.

**B.      Plaintiff Agreed to the Current Schedule on the Understanding That xAI Would Litigate Transfer and Dismissal Together.**

Plaintiff did not oppose extending xAI's response deadline to July 9 and agreed to a full motion-to-dismiss briefing schedule because Plaintiff understood—as Rule 12 contemplates—that xAI would bring its transfer and dismissal motions together within that schedule.  ECF No. 16.  xAI's present motion seeks to convert that bargained-for, Court-ordered schedule into the very open-ended extension the Court already refused to grant on June 2.  ECF No. 14 at 1.  Had Plaintiff understood that xAI intended to litigate its threshold motions one at a time and to use the transfer motion as a vehicle to defer its response indefinitely, Plaintiff would not have stipulated to the schedule now in place.  The Court should hold xAI to the deadline it agreed to and the Court ordered.

**C.      The Balance of Hardships Weighs Against the Requested Extension.**

**xAI faces no prejudice.**  xAI's claim that it would "needlessly" expend resources briefing a motion to dismiss, Mot. at 4, mischaracterizes the situation.  Those resources are not needless;

they are the ordinary cost of a motion xAI admits it will file regardless of forum. Requiring xAI to meet the schedule it already agreed to imposes no burden beyond what xAI must bear in any event.

**Plaintiff and the putative class would be prejudiced by needless delay.** This case concerns the alleged ongoing interception and disclosure of millions of users' sensitive Grok conversations to third-party advertising companies. Plaintiff seeks injunctive relief to stop that conduct. ECF No. 1 (Prayer for Relief). Every additional month that xAI avoids responding to the Complaint postpones the resolution of those claims and any relief. xAI's requested extension has no outer limit—it is keyed to a ruling that has not issued and could be continued—which is the same defect that led the Court to reject xAI's first request as an impermissible "indefinite extension." ECF No. 14 at 1. Moreover, xAI created the very timing it now complains of: it waited until June 10 to file its transfer motion and itself selected the July 30 hearing date. A self-inflicted scheduling concern is not good cause for relief from the Court's order.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny xAI's Motion to Change Time and require xAI to answer or otherwise respond to the Complaint on or before July 9, 2026, in accordance with the parties' stipulation and the Court's June 4, 2026 Order (ECF No. 16).

Dated: June 12, 2026                              Respectfully submitted,

                                                 **BURSOR & FISHER, P.A**.

                                                 By: */s/ Philip L. Fraietta*
                                                        Philip L. Fraietta

                                                 Philip L. Fraietta (State Bar No. 354768)
                                                 50 Main Street, Suite 475
                                                 White Plains, NY 10606
                                                 Telephone: (914) 874-0708
                                                 Facsimile: (914) 206-3656
                                                 E-mail: pfraietta@bursor.com

                                                 **BURSOR & FISHER, P.A.**
                                                 Max S. Roberts (State Bar No. 363482)
                                                 1330 Avenue of the Americas, 32nd Floor
                                                 New York, NY 10019

Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jwilner@bursor.com

*Attorneys for Plaintiff*