**BURSOR & FISHER, P.A**.
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: jwilner@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN SKAGGS, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>X.AI, LLC,<br><br>                              Defendant. | Case No. 5:26-cv-04550-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**<br><br>Date:   July 30, 2026<br>Time:  9:00 a.m.<br>Ctrm:  1<br>Judge: Hon. Beth Labson Freeman |

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................................................................................................1

ARGUMENT ......................................................................................................................................1

I.      DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THAT PLAINTIF WAS ON NOTICE OF OR ASSENTED TO THE TERMS OF USE HYPERLINK ON THE SIGN-UP SCREEN .................................................................................................1

        A.     Plaintiff Was Not On Notice Of The Hyperlink ...........................................2

        B.     Plaintiff Did Not Unambiguously Assent To The Hyperlink .......................4

II.     DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THAT PLAINTIF WAS ON NOTICE OF OR ASSENTED TO THE TERMS OF USE HYPERLINK ON THE CHAT SCREEN .....................................................................................................6

CONCLUSION ...................................................................................................................................7

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Adibzadeh v. Best Buy, Co.*,
  2021 WL 4440313 (N.D. Cal. Mar. 2, 2021) ................................................................................ 6

*Am. Online, Inc. v. Super. Ct.*,
  90 Cal. App. 4th 1 (1st Dist. 2001) ............................................................................................ 1

*Benson v. Double Down Interactive, LLC*,
  798 F. App'x 117 (9th Cir. 2020) ............................................................................................... 4

*Berman v. Freedom Financial Network, LLC*,
  30 F.4th 849 (9th Cir. 2022) .......................................................................................... 1, 4, 5, 7

*Chabolla v. ClassPass Inc.*,
  129 F.4th 1147 (9th Cir. 2025) ......................................................................................... 2, 3, 5

*Colgate v. JUUL Labs, Inc.*,
  402 F. Supp. 3d 728 (N.D. Cal. 2019) ........................................................................................ 7

*Cullinane v. Uber Techs., Inc.*,
  893 F.3d 53 (1st Cir. 2018) ........................................................................................................ 4

*Edwards v. MUBI, Inc.*,
  773 F. Supp. 3d 868 (N.D. Cal. 2025) ........................................................................................ 3

*Godun v. JustAnswer LLC*,
  135 F.4th 699 (9th Cir. 2025) ................................................................................................. 3, 5

*Jackson v. Amazon.com, Inc.*,
  65 F.4th 1093 (9th Cir. 2023) ..................................................................................................... 1

*Jones v. Skullcandy, Inc.*,
  2026 WL 699819 (S.D. Cal. Mar. 12, 2026) .............................................................................. 7

*Kauders v. Uber Techs., Inc.*,
  486 Mass. 557 (2021) ................................................................................................................. 5

*Lee v. Plex, Inc.*,
  773 F. Supp. 3d 755 (N.D. Cal. 2025) ........................................................................................ 5

*Li v. Amazon.com Servs. LLC*,
  2023 WL 8720669 (N.D. Cal. Dec. 18, 2023) ........................................................................... 5

*Nguyen v. Barnes & Noble Inc.*,
  763 F.3d 1171 (9th Cir. 2014) ................................................................................................ 6, 7

*Price v. Carnival Corp.*,
712 F. Supp. 3d 1347 (S.D. Cal. 2024) ......................................................................... 7

*Sadlock v. Walt Disney Co.*,
2023 WL 4869245 (N.D. Cal. July 31, 2023) ................................................................ 4

*Serrano v. Open Rd. Delivery Holdings, Inc.*,
666 F. Supp. 3d 1089 (C.D. Cal. 2023) ........................................................................ 7

*White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*,
407 F. Supp. 3d 931 (S.D. Cal. 2019) .......................................................................... 6

*Wilson v. Huuuge, Inc.*,
944 F.3d 1212 (9th Cir. 2019) ...................................................................................... 4

*Wilson v. Redbox Automated Retail, LLC*,
448 F. Supp. 3d 873 (N.D. Ill. 2020) ............................................................................ 7

Plaintiff Austin Skaggs ("Plaintiff") respectfully submits this Opposition to Defendant x.AI, LLC's ("Defendant") Motion to Transfer (ECF No. 21) (the "Motion" or "Mtn.").

## INTRODUCTION

This case concerns a California plaintiff (Compl. ¶ 6) suing a California-based defendant (*id.* ¶ 5) seeking certification of, in part, a California subclass (*id.* ¶ 91) for primarily violations of California privacy laws.  Despite this, Defendant seeks to compel Plaintiff to litigate his claims in Texas, which has no "logical nexus to one of the parties or the dispute." *Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 12 (1st Dist. 2001), *as modified* (July 10, 2001).  This is untenable corporate overreach that should be rejected.

But Defendant's Motion has a more preliminary problem: Defendant cannot demonstrate that Plaintiff was on notice of or agreed to the Terms of Service.  Ninth Circuit law is clear that, absent actual notice (which is not argued for here), "an enforceable contract will be found based on an inquiry notice theory only if: (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action … that unambiguously manifests his or her assent to those terms." *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022).  And "[u]nder California law and generally applicable principles of contract law, the burden is on [Defendant] as the party seeking [to enforce a contract] to show that it provided notice of [the] TOS and that there was mutual assent to the contractual agreement." *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1099 (9th Cir. 2023).

Defendant cannot meet its burden here.  The hyperlinks of each of the relevant pages bear numerous hallmarks of inconspicuous.  Moreover, the advisal on the sign-up page lack unambiguous assent, while the hyperlink on the chat page is a browsewrap agreement that is as unenforceable here as in numerous other cases.  For the following reasons, Defendant's Motion should be denied.

## ARGUMENT

**I.  DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THAT PLAINTIF WAS ON NOTICE OF OR ASSENTED TO THE TERMS OF USE HYPERLINK ON THE SIGN-UP SCREEN**

Defendant argues that Plaintiff assented to the Terms of Use when he signed up for Grok because, "at all relevant times, xAI [] conditioned [] the sign up for … Grok on acceptance of xAI's

Terms of Service, which are prominently linked on the Grok webpage via a bold white hyperlink against a black backdrop that is visible without any scrolling or navigation by the user." Mtn. at 5:10-13. That screen appears as follows:



Murphy Decl. ¶ 26. Defendant cannot show either notice of or assent to the Terms of Service based on this screen.

### A.    Plaintiff Was Not On Notice Of The Hyperlink

Defendant has failed to show that Plaintiff was on notice of Defendant's Terms of Service. *Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025), is instructive and binding. As relevant here, one screen of the sign up process in *Chabolla* appeared as follows:

//

//

//

//

//

//



*Id.* at 1174. The Ninth Circuit noted the hyperlink was "found below the 'Sign up with Facebook' option, on the periphery of where a user intending to use their email would be looking. A reasonably prudent user would likely click 'Continue' and read no further if she had no intention of using Facebook." *Id.* at 1157. Thus, the Ninth Circuit found the hyperlink was inconspicuous because it "seem[ed] to fade into the irrelevancy of other aspects of the page." *Id.*; *see also Godun v. JustAnswer LLC*, 135 F.4th 699, 711 (9th Cir. 2025) (no notice where "[t]he advisal text is printed in relatively small text and not located directly above or below the action … button") (cleaned up).

The same is true here, where the hyperlink to the Terms of Use is located well below each of the buttons a user may click on to create an account. Murphy Decl. ¶ 26. Thus, a user of Defendant's service would click on one of the buttons to sign in and "read no further." *Chabolla*, 129 F.4th at 1157. For instance, a user who clicked "Sign up with X" would not read the subsequent button options, as those options do not pertain to the user. Thus, as in *Chabolla* and other Ninth Circuit precedents, the placement of the hyperlink deprives it of conspicuousness. *See also Godun*, 135 F.4th at 713 ("While the page is generally uncluttered, the placement of the advisal on the black border creates an impression of visual discontinuity."); *Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868, 882 (N.D. Cal. 2025) (same where "the notice on the main part of the Home Page is in tiny white

font, below two prominent boxes that invite users to enter an email address and click 'GET STARTED'").

There are also other indicia of inconspicuousness present on Defendant's sign-up screen. The hyperlink is in "white," whereas hyperlinks are "commonly blue." *Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 63 (1st Cir. 2018) (cleaned up). And merely underlining the hyperlink is "insufficient to alert a reasonably prudent user," and the "tiny gray" advisal text blends into the background. *Berman*, 30 F.4th at 856-57; *Sadlock v. Walt Disney Co.*, 2023 WL 4869245, at *9 (N.D. Cal. July 31, 2023) ("The text used in the paragraph that refers to the Subscriber Agreement is not so much white but rather whitish/greyish in color, and thus does not stand out against the black background.").

Defendant contends that "[b]y signing up for a Grok account, and repeatedly visiting and entering queries into Grok.com, Plaintiff necessarily agreed to at least two versions of xAI's Terms of Service." Mtn. at 1:24-26. But "[r]epeated use of a website … does not contribute to constructive notice because users are no more likely to stumble upon inconspicuous hyperlinks on their hundredth or thousandth visit than they are on their first." *Benson v. Double Down Interactive, LLC*, 798 F. App'x 117, 119-20 (9th Cir. 2020); *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1221 (9th Cir. 2019) (rejecting argument that "Wilson's repeated use of the app places him on constructive notice since it was likely he would stumble upon the Terms during that time period").

**B.    Plaintiff Did Not Unambiguously Assent To The Hyperlink**

Defendant has also failed to show that Plaintiff unambiguously assented to Defendant's Terms of Service. Again, *Chabolla* is dispositive. In that case, another screened explains that 'by signing up you agree to our Terms of Use and Privacy Policy.' There is no 'sign up' button, and the only button on screen 2 reads 'Continue'":

//

//

//

//

//

//



*Chabolla*, 129 F.4th at 1158, 1175. The Ninth Circuit found this mismatch too ambiguous "to find that a user binds herself to the Terms of Use by continuing past it" because "[i]t is up to the user to assume that entering a first and last name and clicking the 'Continue' button amounts to 'signing up.'" *Id.* at 1158.

Defendant's advisal here is effectively the inverse of *Chabolla*: it states that a user agrees to the Terms of Use by "continuing," but the buttons all state "sign up." Nonetheless, the result is the same: there is "too much ambiguity in [the] screen['s] language to find that a user binds herself to the Terms of Use by continuing past it." *Id.*; *see also Godun*, 135 F.4th at 711 ("Even strongly implicit advisement isn't enough—a webpage must *explain* that certain actions will be understood by the offeror to signal assent to contractual terms.") (emphasis in original); *Lee v. Plex, Inc.*, 773 F. Supp. 3d 755, 767 (N.D. Cal. 2025) (finding no assent where the advisal stated, "By creating an account or continuing to use a Plex application … you acknowledge and agree that you have accepted the Terms of Service," but the button stated "Continue with Facebook"); *Kauders v. Uber Techs., Inc.*, 486 Mass. 557, 580 (2021) (finding no assent where advisal stated "By creating an Uber account, you agree to the Terms & Conditions and Privacy Policy," but final button stated "DONE").

Defendant's authorities are inapposite. *Berman*, 30 F.4th at 859, supports Plaintiff in that it found both a lack of notice and lack of assent. In *Li v. Amazon.com Servs. LLC*, 2023 WL 8720669, at *6 (N.D. Cal. Dec. 18, 2023), the action button was labeled "Place your order," and the advisal

stated "[b]y placing your order, you agree" to the relevant terms. *White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 939, 945 (S.D. Cal. 2019), involved a physical shipping contract, and the plaintiff did "not challenge the presentation of the forum selection clause." And *Adibzadeh v. Best Buy, Co.*, 2021 WL 4440313 (N.D. Cal. Mar. 2, 2021), predates *Chabolla* and other Ninth Circuit precedents, and so is no longer good law to the extent it is inconsistent with them. Regardless, the hyperlink in *Adibzadeh* was "offset in a blue text" (*id.*, at *6), unlike here. *See* Argument § I.A, *supra*.

## II.   DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THAT PLAINTIF WAS ON NOTICE OF OR ASSENTED TO THE TERMS OF USE HYPERLINK ON THE CHAT SCREEN

Defendant also contends Plaintiff assented to the Terms of Use on the chat screen. *See* Mtn. at 6:6-8. That screen appears as follows:



Murphy Decl. ¶ 28. The advisal on this screen is a prototypical browsewrap agreement, which "does not require the user to manifest assent to the terms and conditions expressly." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014) (cleaned up). Instead, "a party instead gives his assent simply by using the website." *Id.* (cleaned up). "Courts are more reluctant to enforce browsewrap agreements because consumers are frequently left unaware that contractual terms were

even offered, much less that continued use of the website will be deemed to manifest acceptance of those terms." *Berman*, 30 F.4th at 856.

Defendant's chat screen leaves no reason for the Court to depart from this traditional reluctance. The hyperlink is "buried at the bottom of the page … where users are unlikely to see it." *Nguyen*, 763 F.3d at 1177. Even if the hyperlink "is visible to a user without scrolling … the text … is smaller than the rest of the … typeface" found on the chat page. *Price v. Carnival Corp.*, 712 F. Supp. 3d 1347, 1359 (S.D. Cal. 2024); *Jones v. Skullcandy, Inc.*, 2026 WL 699819, at *16 (S.D. Cal. Mar. 12, 2026) (no notice where "the notice is in small white font much smaller than the rest of the text on the Website"). And the hyperlink is signified only by a change of color, which is not enough. *See, e.g.*, *Wilson v. Redbox Automated Retail, LLC*, 448 F. Supp. 3d 873, 885 (N.D. Ill. 2020) ("Using a different color for the hyperlink from the surrounding text, by itself, is not sufficient to render the hyperlink reasonably conspicuous."); *Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 765 (N.D. Cal. 2019) ("I am not convinced that the mere change in color of the hyperlinks, without more, is enough."); *Serrano v. Open Rd. Delivery Holdings, Inc.*, 666 F. Supp. 3d 1089, 1096 (C.D. Cal. 2023) ("[T]he failure to identify the hyperlink to Defendant's Terms of Use by more than mere underlining is highly significant under *Berman*."). Moreover, it is well below the actual chat field that a user's attention is naturally drawn to. *Berman*, 30 F.4th at 857 ("[T]he textual notice is further deemphasized by the overall design of the webpage, in which other visual elements draw the user's attention away from the barely readable critical text.").

Thus, Defendant's browsewrap agreement on the chat screen is insufficient to bind Plaintiff to the Terms of Service.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.

Dated: June 18, 2026                    Respectfully submitted,

                                        **BURSOR & FISHER, P.A.**

                                        By: */s/ Max S. Roberts*
                                               Max S. Roberts

                                        Max S. Roberts (State Bar No. 363482)
                                        1330 Avenue of the Americas, 32nd Floor

New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: jwilner@bursor.com

*Attorneys for Plaintiff*