Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant X.AI, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN SKAGGS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>X.AI, LLC<br><br>Defendant. | Case No.: 5:26-cv-04550-BLF<br><br>**DEFENDANT X.AI LLC'S REPLY IN SUPPORT OF MOTION TO TRANSFER THE CASE TO THE NORTHERN DISTRICT OF TEXAS**<br><br>Date: July 30, 2026<br>Time: 9:00 a.m.<br>Ctrm: 1<br><br>Hon. Beth Labson Freeman<br><br>Complaint Filed: May 14, 2026 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .....1

II. ARGUMENT .....1

A. Plaintiff Received Reasonably Conspicuous Notice of xAI's Terms of Service .....1

B. Plaintiff Unambiguously Assented to xAI's Terms of Service .....3

C. The Forum-Selection Clause Is Enforceable Under *Sun* and Ninth Circuit Precedent .....4

III. CONCLUSION .....5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49 (2013) .......... 4

*B.D. v. Blizzard Ent., Inc.*, 76 Cal. App. 5th 931 (2022) .......... 4

*Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849 (9th Cir. 2022) .......... 1, 2

*Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025) .......... 2

*Doe v. X Corp.*, No. 25-cv-07597-TLT, 2025 WL 3500543 (N.D. Cal. Nov. 6, 2025) .......... 4

*Eliza Labs, Inc. v. X Corp.*, No. 25-cv-07243-AMO, 2025 WL 3003766 (N.D. Cal. Oct. 27, 2025) .......... 4

*Godun v. JustAnswer LLC*, 135 F.4th 699 (9th Cir. 2025) .......... 2, 3, 4

*Javier v. Assurance IQ, LLC*, No. 4:20-CV-02860-JSW, 2021 WL 940319 (N.D. Cal. Mar. 9, 2021) .......... 1, 2

*Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005 (9th Cir. 2024) .......... 2, 3, 4

*Li v. Amazon.com Servs. LLC*, 2023 WL 8720669 (N.D. Cal. Dec. 18, 2023) .......... 3

*Massel v. Successfulmatch.com*, No. 24-1870, 2025 WL 2452371 (9th Cir. Aug. 26, 2025) .......... 2

*Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014) .......... 3, 4

*Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505 (9th Cir. 2023) .......... 3, 4

*Peter v. DoorDash, Inc.*, 445 F. Supp. 3d 580 (N.D. Cal. 2020) .......... 2

*St. Clair v. X.AI Holdings Corp.*, No. 26-cv-00386-ALC, 2026 WL 1803744 (S.D.N.Y. June 23, 2026) .......... 5

*Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018) .......... 4

## I. INTRODUCTION

Plaintiff Austin Skaggs's opposition to xAI's motion to transfer (ECF No. 22, the "Opposition") offers no basis to rebut that xAI's mandatory forum-selection clause is valid, enforceable, and covers his claims. He instead attacks the sign-up and website screens, misapplying distinguishable Ninth Circuit precedent, while ignoring a long list of cases from this District enforcing materially identical clauses. Those attacks fail under the two-pronged Ninth Circuit *Berman* test.[1] The undisputed facts establish that Plaintiff created an xAI account, logged into that account, and repeatedly queried Grok on multiple occasions, each time receiving conspicuous notice and unambiguously manifesting assent to xAI's Terms of Service. Because Plaintiff has failed to rebut the presumption of enforceability as to xAI's mandatory forum-selection clause, transfer is required.

## II. ARGUMENT

### A. Plaintiff Received Reasonably Conspicuous Notice of xAI's Terms of Service

To be conspicuous, notice "must be displayed in a font size and format such that the court can fairly assume that a ***reasonably prudent*** Internet user would have seen it." *Berman*, 30 F.4th at 856 (emphasis added). "[T]he adequacy of notice must ultimately be evaluated holistically, not through mechanical application of formatting rules." *Javier v. Assurance IQ, LLC*, No. 4:20-CV-02860-JSW, 2021 WL 940319, at *3 (N.D. Cal. Mar. 9, 2021). xAI's account sign-up screen and its Grok.com website both satisfy all these criteria.

**The xAI Account Sign-Up Screen.** The notice informing users that, by signing up for an xAI account, they agree to xAI's Terms of Service was reasonably conspicuous. The website displayed a prominent banner, positioned immediately below all sign-up buttons and visible without any scrolling: "By continuing, you agree to xAI's Terms of Service and Privacy Policy." The slightly smaller text was in white against a black backdrop with bold hyperlinks for "Terms of Service" and "Privacy Policy." Murphy Decl. ¶¶ 24–26 (describing and providing

---

[1] *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022).

screenshots of the xAI account sign-up page for users using a desktop computer or mobile device).

**The Grok Website.** Grok.com also displays a conspicuous notice—"By messaging Grok, you agree to our Terms and Privacy Policy"—in bold, white, high-contrast text directly beneath the query box that Plaintiff admits using repeatedly. Contrary to Plaintiff's assertion that the Grok.com hyperlink is "buried" (Opp. at 7), no scrolling is required, and the notice is the only other text on the uncluttered screen.

These notices, on both the xAI account sign-up screen and website, are reasonably conspicuous because they appear in reasonably sized font, high contrast text, bold hyperlinks, uncluttered presentation, and require no scrolling. Courts routinely enforce policies with comparable notice designs. *See Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1016–17 (9th Cir. 2024) (enforcing "contrasting white font" hyperlinks with white borders on a dark background as "conspicuously distinguished"); *Massel v. Successfulmatch.com*, No. 24-1870, 2025 WL 2452371, at *1–2 (9th Cir. Aug. 26, 2025) (enforcing account-creation notice even without blue/capitalized links where notice was in the natural flow on an uncluttered screen); *Javier*, 2021 WL 940319, at *3 (finding sufficient notice where the webpage "was uncluttered, with only a few entry fields followed by the disclosure on a single page; the text placed hyperlinks in a different color to indicate their selectability; and there were no additional features . . . that would have obscured the notice."); *see also Peter v. DoorDash, Inc.*, 445 F. Supp. 3d 580, 585–87 (N.D. Cal. 2020) (discussing similar cases).

Plaintiff's reliance on *Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025), and *Godun v. JustAnswer LLC*, 135 F.4th 699 (9th Cir. 2025), is misplaced. In *Chabolla*, the notice sat "outside of the user's natural flow." 129 F.4th at 1157. Here, by contrast, the notice appears directly beneath every sign-up button and under the query box Plaintiff admits he repeatedly used. Compl. ¶ 7. Similarly, *Godun* involved small text creating "visual discontinuity"—xAI's bold white-on-black text does not. xAI's notice far exceeds the "tiny gray font" on the links in *Berman*, 30 F.4th at 856–57. Finally, Plaintiff's objection that the text is white rather than blue

ignores both modern user interface norms and the *maximum* visibility of white text against an all-black background. *See, e.g.*, *Keebaugh*, 100 F.4th at 1016–17.

**B. Plaintiff Unambiguously Assented to xAI's Terms of Service**

When a "consumer takes some action, such as clicking a button or checking a box, that [can] unambiguously manifest[] his or her assent to those terms." *Godun*, 135 F.4th at 709. "[W]here the website contains an explicit textual notice that continued use will act as a manifestation of the user's intent to be bound, courts have been more amenable to enforcing browsewrap agreements." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014); *see also Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505 (9th Cir. 2023) (bright contrasting hyperlink directly below action button); *Li v. Amazon.com Servs. LLC*, 2023 WL 8720669, at *6 (N.D. Cal. Dec. 18, 2023) (enforcing tied to action button). As in *Keebaugh*, the notice here is "conspicuously displayed directly . . . below the action button," uses contrasting white font on a dark background, and "clearly denotes that continued use will constitute acceptance." 100 F.4th at 1020–21 (citation modified). By clicking "Sign-up" and "continuing" to create an xAI account, and by entering queries into Grok.com, plaintiff unambiguously manifested assent to be bound by xAI's Terms of Service.

**xAI Account Creation.** The design of the xAI account creation page denotes clear assent to xAI's Terms of Service. As in *Keebaugh*, the language "By continuing, you agree to xAI's Terms of Service and Privacy Policy" appears in maximally contrasted text directly below the relevant buttons ("Sign up with X/Email/Apple/Google"). The statement clearly denotes that "continuing" constitutes acceptance of xAI's Terms of Service. And, unlike in *Berman*, there is no clutter and the customary design elements denote the existence of hyperlinks. Any supposed mismatch between the word "continuing" and the "Sign up" buttons is illusory (*see* Opp. at 5); completing the sign-up process is continuing the transaction.

Plaintiff's voluntary completion of this exact process constitutes unambiguous manifestation of assent. Plaintiff offers no evidence to the contrary.[2]

**Grok Website Usage.** Each time Plaintiff entered a query on Grok.com constituted affirmative assent. The text directly below the entry box—the only other text on the webpage and in reasonably sized font—expressly tied "messaging Grok" to the agreement to xAI's "Terms and Privacy Policy," both of which are bolded and hyperlinked. Murphy Decl. ¶ 28. Plaintiff acknowledges messaging Grok on Grok.com multiple times. Compl. ¶ 7. As in the Ninth Circuit precedent cited above, any reasonable user would understand that such affirmative action demonstrates assent. *See Godun*, 135 F.4th at 709; *Nguyen*, 763 F.3d at 1177; *Keebaugh*, 100.4th at 1020–21.

### C. The Forum-Selection Clause Is Enforceable Under *Sun* and Ninth Circuit Precedent

Because Plaintiff received conspicuous notice of and unambiguously assented to xAI's Terms of Service on numerous separate occasions, the mandatory forum-selection clause contained therein is presumed to be enforceable. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013). "Only under extraordinary circumstances unrelated to the convenience of the parties should a motion to enforce a forum-selection clause be denied." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018).

Courts in this District have already enforced materially identical forum-selection clauses contained in substantially similar website notices used by xAI's affiliate, X Corp. *See, e.g.*, *Doe v. X Corp.*, No. 25-cv-07597-TLT, 2025 WL 3500543 (N.D. Cal. Nov. 6, 2025); *Eliza Labs, Inc. v. X Corp.*, No. 25-cv-07243-AMO, 2025 WL 3003766 (N.D. Cal. Oct. 27, 2025). A court

---

[2] Furthermore, as explained in *B.D. v. Blizzard Entertainment, Inc.*, when evaluating sign-in wrap agreements like the one at issue here, courts in California must "first evaluate the full context of the transaction," and consider whether "that type of transaction contemplates entering into a continuing, forward-looking relationship governed by terms and conditions." 76 Cal. App. 5th 931, 950–51 (2022) (internal quotations omitted). Signing up for an account is the type of transaction that contemplates an ongoing relationship governed by a website's Terms of Service. *See, e.g.*, *Oberstein*, 60 F.4th at 510.

in the Second Circuit recently reached the same conclusion in transferring a case to the Northern District of Texas. *See St. Clair v. X.AI Holdings Corp.*, No. 26-cv-00386-ALC, 2026 WL 1803744 (S.D.N.Y. June 23, 2026). Plaintiff identifies no "extraordinary circumstances" that would justify departing from this legion of authority.

## III. CONCLUSION

For the reasons stated above and in xAI's Motion, the Court should enforce the mandatory forum selection clause in the xAI Terms of Service and transfer this case to the United States District Court for the Northern District of Texas.

Respectfully submitted,

Dated: July 6, 2026

WILLENKEN LLP

By: */s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
Attorneys for Defendant X.AI LLC